## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

Civil Action No.___0:20-cv-62565_____

JESSICA L. MCCOMB,

      Plaintiff,

v.

CREDENCE RESOURCE MANAGEMENT, LLC,

      Defendant,

_____/

## COMPLAINT

**NOW COMES** JESSICA L. MCCOMB, by and through her undersigned counsel, complaining of Defendant CREDENCE RESOURCE MANAGEMENT, LLC, as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §559.55 *et. seq.* and Defendant's violations of the Telephone Consumer Protection Act ("TCPA").

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.      JESSICA MCCOMB ("Plaintiff") is a natural person, over 18-years-of-age, who at

all times relevant resided in Fort Lauderdale, Florida.

6.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7.     Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8).

8.     Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

9.     CREDENCE RESOURCE MANAGEMENT, LLC ("Defendant") maintains its principal place of business at 17000 Dallas Parkway, Suite 204, Dallas, Texas 75248.

10.    Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

11.    Defendant is a "debt collector" as defined by Fla. Stat. § 559.55(7).

12.    Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

13.    At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 6464.

14.    At all times relevant, Plaintiff's number ending in 6464 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

15.    At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

16.    A number of years ago, Plaintiff incurred a medical debt.

17.    Due to unforeseen financial difficulties, Plaintiff was allegedly unable to stay current on payments and incurred a debt ("subject debt").

18.    Upon information and belief the subject debt was assigned to Defendant for collection.

2

19.     On or around February 2020, Plaintiff started receiving calls from Defendant in an attempt to collect on the subject debt.

20.     Upon answering a collection call from Defendant, Plaintiff was greeted with a distinct period of dead air and was required to say "hello" numerous times prior to a live representative being connected.

21.     During one of the first phone calls in February, Plaintiff was informed Defendant was attempting to collect upon the subject debt.

22.     Plaintiff immediately requested that Defendant stop calling.

23.     Despite Plaintiff's unambiguous request, Defendant continued to place unwanted and unconsented to phone calls to Plaintiff.

24.     On multiple occasions after the initial call in February of 2020, Plaintiff informed Defendant to stop contacting her but to no avail.

25.     Yet again, on or around December 10, 2020, Plaintiff answered another of Defendant's phone calls and stated, "You are harassing me, stop."

26.     On this same call Plaintiff again experienced a distinct period of dead air and was required to say "hello" numerous times prior to a live representative being connected.

27.     Despite Plaintiff's request that Defendant cease its harassing collection efforts, Defendant continues to employ abusive collection practices in an effort to collect the subject debt, including the use of harassing phone calls.

28.     In total, Defendant has placed no less than 50 unwanted and unconsented to collection phone calls to Plaintiff since she requested that the phone calls cease.

29.     Defendant placed these calls from various phone numbers, including but not limited to the phone numbers of (833) 648-0603, (866) 767-7602 and (407) 499-7401.

30.     Defendant's incessant collection calls have invaded Plaintiff's privacy and have

caused Plaintiff actual harm, including but not limited to, aggravation that accompanies unsolicited

robocalls, increased risk of personal injury resulting from the distraction caused by the robocalls,

wear and tear to Plaintiff's cellular phone, intrusion upon and occupation of Plaintiff's cellular

telephone, temporary loss of use of Plaintiff's cellular phone, loss of battery charge, loss of

concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge

Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and

wasting Plaintiff's time.

31.     Due to Defendant's refusal to comply with Plaintiff's requests that the calls cease

and Defendant's abusive debt collection practices, Plaintiff was forced to retain counsel to compel

the phone calls to cease.

## CLAIMS FOR RELIEF

### COUNT I:

### Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*)

32.     Paragraphs 13-31 of this Complaint are expressly adopted and incorporated herein

as though fully set forth herein

#### a.  Violations of FDCPA §1692c

33.      Section 1692c(a) of the FDCPA provides:

> Without the prior consent of the consumer given directly to the debt
> collector or the express permission of a court of competent jurisdiction, a
> debt collector may not communicate with a consumer in connection with
> the collection of any debt-
>
> (1)     at any unusual time or place or a time or place known or which
>         should be known to be inconvenient to the consumer. . .
>
> 15 U.S.C. § 1692c(a).

34.     Defendant violated 15 U.S.C. § 1692c(a)(1) by contacting Plaintiff after requesting that the phone calls cease.

35.     Specifically, when Plaintiff requested that the phone calls cease, any time that Defendant called after that request became an inconvenient time for Plaintiff.

### b.  Violations of FDCPA §1692d

36.     Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

37.      Section 1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

38.     Defendant violated §§ 1692d and d(5) when it placed numerous collection calls after Plaintiff requested that the phone calls cease in an attempt to collect the subject debt.

39.     Defendant's behavior of systematically calling Plaintiff's cellular phone number in an attempt to collect the subject debt was harassing and abusive.

40.     The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

41.     Plaintiff may enforce the provisions of 15 U.S.C. § 1692c(a)(1) and d(5)  pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1)     any actual damage sustained by such person as a result of such failure;

(2)

        (A)     in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

    (3)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE,** Plaintiff requests that this Honorable Court enter judgment in her favor as follows:

    a.     Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

    b.     Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

    c.     Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

    d.     Awarding any other relief as this Honorable Court deems just and appropriate.

## <u>COUNT II</u>
### Florida Consumer Collection Practices Act (Fla. Stat. § 559.55 *et seq*.)

42.     Paragraphs 13-31 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### a.  Violation(s) of Fla. Stat. § 559.72(7)

43.     Subsection 559.72(7) of the CCPA provides:

In collecting consumer debts, no person shall:

    (7)     Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

Fla. Stat. § 559.72(7).

44.     Defendant violated Fla. Stat. § 559.72(7) by continuously calling Plaintiff after being asked to stop.  See *Waite v. Fin. Recovery Servs., Inc.*, 2010 U.S. Dist. LEXIS 133438, 2010 WL 5209350, at *3 (M.D. Fla. Dec. 16, 2010). (misconduct includes calling the plaintiff after being asked to stop).

45.     Plaintiff may enforce the provisions of Fla. Stat. § 559.72(7) pursuant to Fla. Stat. § 559.77(2) which provides:

> Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.

**WHEREFORE**, Plaintiff requests the following relief:

a.      a finding that Defendant violated Fla. Stat. §§ 559.72(7);

b.      an award of actual damages sustained by Plaintiff as a result of Defendant's violation(s);

c.      an award of additional statutory damages, as the Court may allow, but not exceeding $1,000.00;

d.      an award of court costs and reasonable attorney's fees incurred by Plaintiff; and

e.      an award of such other relief as this Court deems just and proper.

## Count III:
### Telephone Consumer Protection Act (47 U.S.C. § 227 et. seq.)

46.     Paragraphs 13-31 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

47.     As pled above, Defendant placed or caused to be placed at least 50  non-emergency

calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") without her prior consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

48.     The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

49.     Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular phone number.

50.     Upon information and belief, the dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a lengthy pause after the called party speaks into the phone.

51.     Upon information and belief, the dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus forcing Plaintiff to say "hello" numerous times.

52.     As pled above, Plaintiff revoked consent to be called on her cellular phone on numerous occasions.

53.     As pled above, Plaintiff was harmed by Defendant's collection calls to her cellular phone.

54.     Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

55.     Upon information and belief, Defendant has no policies and procedures in place to honor the requests of consumers that the collection calls cease.

56.     Upon information and belief, Defendant knew its collection practices were in violation of the TCPA yet continued to employ them to maximize efficiency and profits.

57.     As a result of Defendant's violations of the TCPA, Plaintiff is entitled to receive $500.00 in damages for each such violation.

58.     As a result of Defendant's knowing and willful violations of the TCPA, Plaintiff is entitled to receive up to $1,500.00 in treble damages for each such violation.

**WHEREFORE**, Plaintiff requests the following relief:

A.      an order finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

B.      an order enjoining Defendant from placing or causing to place further violating calls to Plaintiff;

C.      an award of $500.00 in damages to Plaintiff for each such violation;

D.      an award of treble damages up to $1,500.00 to Plaintiff for each such violation;

E.      an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

F.      an award of such other relief as this Court deems just and proper.

<u>**DEMAND FOR JURY TRIAL**</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: December 14, 2020                     Respectfully submitted,

                                             **JESSICA MCCOMB**

                                             By: <u>/s/ *Alexander J. Taylor*</u>

                                             Alexander J. Taylor, Esq.
                                             Florida Bar No. 1013947
                                             SULAIMAN LAW GROUP, LTD.
                                             2500 South Highland Avenue
                                             Suite 200
                                             Lombard, Illinois 60148
                                             +1 630-575-8181
                                             ataylor@sulaimanlaw.com